IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


ALBERT BROWN                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:05CV109-WHB-JCS

MISSISSIPPI DEPARTMENT OF HEALTH                                 DEFENDANT


OPINION AND ORDER

This cause is before the Court on the following:

1)   the Motion of Defendant Mississippi Department of Health
     (hereinafter "MDH") for Judgment as a Matter of Law or New
     Trial or Remittitur, filed April 5, 2006, under docket entry
     no. 59;

2)   Plaintiff Albert Brown's Motion for Promotion or
     Alternatively, for Front Pay, filed April 5, 2006, under
     docket entry no. 61; and

3)   Plaintiff Brown's Motion for Attorneys' Fees, filed May 19,
     2006, under docket entry no. 67.

Having considered the Motions, Responses, Rebuttals and all
attachments to each, as well as supporting and opposing authority,
the Court finds:

1)   the Motion of Defendant MDH for Judgment as a Matter of Law or
     New Trial or Remittitur is not well taken and should be
     denied;

2)    Plaintiff Brown's Motion for Promotion or Alternatively, for
      Front Pay should be granted in part and denied in part; and

3)    Plaintiff Brown's Motion for Attorneys' Fees should be granted
      under the parameters set forth below.

## I.  Factual Background and Procedural History

The trial of this Title VII race discrimination cause took place from March 20 through March 22, 2006.  The undersigned presided over the trial.  Plaintiff Brown prevailed, with the jury returning a total verdict of $100,000.  Of the total verdict, $75,000 was for lost salary and benefits over the three years preceding trial, and $25,000 was for emotional harm.  <u>See</u> Jury Verdict, docket entry no. 58.  Because the equitable issues of front pay and/or reinstatement and the issue of attorneys' fees have not been decided, no Final Judgment has been entered to date.

## II.  Analysis

**A.   Motion of Defendant MDH for Judgment as a Matter of Law or New Trial or Remittitur**

First considered is Defendant's prayer for a judgment as a matter of law.  Rule 50(a) of the Federal Rules of Civil Procedure sets forth the standard for granting judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be

maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a).  The same standards apply to a motion for judgment as a matter of law and a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(a) & (b).  In determining whether to grant a motion for judgment as a matter of law, the Court must apply the following standard:

> Such judgment should be granted only when the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict, viewing the facts in the light most favorable to the party against whom the motion is made, and giving that party the advantage of every fair and reasonable inference which the evidence justifies. The standard for reviewing such motions is the same in the trial court and on appeal.  The court considers only the question of law regarding the sufficiency of the evidence to raise a jury issue.

Harwood & Assocs., Inc. v. Texas Bank & Trust, 654 F.2d 1073, 1076 (5th Cir. 1981)(citing Boeing v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc)); see also Spuler v. Pickar, 958 F.2d 103, 105 (5th Cir. 1992) (applying the standard set forth in Boeing and Harwood).

A new trial may be granted under Rule 50(b) or under Rule 59(a) of the Federal Rules of Civil Procedure.  A new trial should not be granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done...."  Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2803, at 32 (1973).

Based on the evidence presented at trial as well as the record before the Court, the Court finds that MDH has not met the burden of establishing that it is entitled to either a judgment as a matter of law or a new trial in this case.  Further, because the jury award was based on reasonable inferences from the evidence presented at trial, a remittitur is not warranted.  Accordingly, these prayers for relief must be denied.

## B.   Plaintiff Brown's Motion for Promotion or Alternatively, for Front Pay

Through this Motion, Brown seeks promotion to the position of Chief Information Officer, the position that was denied to him by MDH.  Alternatively, Brown seeks front pay in the amount of $25,000 per year for a period of five years.

Victims of unlawful discrimination are entitled to relief which makes them whole.  Walsdorf v. Bd. of Comm'rs for the E. Jefferson Levee Dist., 857 F.2d 1047, 1053-54 (5th Cir. 1988)(citations omitted).  Reinstatement to the position from which the victim was fired, or instatement to the position to which the victim should have been promoted, is the preferable remedy.  Julian v. City of Houston, Texas, 314 F.3d 721, 728-29 (5th Cir. 2002)(citations omitted); Giles v. Gen. Elect. Co., 245 F.3d 474, 489 n.27 (5th Cir. 2001)(citation omitted).  However, if reinstatement or instatement is not feasible, then an award of front pay is appropriate.  Id.  If front pay is awarded in lieu of reinstatement or instatement, then the trial court must articulate

4

reasons for its decision.  <u>Giles</u>, 245 F.3d at 489 n.27 (citation omitted).

In the subject case, the Chief Information Officer position at MDH has already been filled by someone other than Brown.  The United States Supreme Court "has cautioned against the use of a remedy that 'bumps' one employee from a position in order to fill it with the victim of discrimination." <u>Walsdorf</u>, 857 F.2d at 1054 (citing <u>Firefighters v. Stotts</u>, 467 U.S. 561, 579, 104 S.Ct. 2576, 2588, 81 L.Ed.2d 483 (1983)).  This is because

> [w]here possible, we should fashion remedies that serve the purposes of Title VII – remedies that compensate the victims of past discrimination and deter employers from the inclination to discriminate in the future – and, at the same time, avoid tampering with the rights of other employees who did not participate in the discriminatory activity.

<u>Id.</u>  Applying the holdings in <u>Walsdorf</u> and <u>Firefighters</u> to the subject case, the Court finds that instatement is not the proper equitable remedy to apply.

This leaves the Court to consider the remedy of front pay.  "A front pay award is intended to compensate the plaintiff for wages and benefits he would have received from the defendant employer in the future if not for the discrimination." <u>Tyler v. Union Oil Co. of California</u>, 304 F.3d 379, 402 (5th Cir. 2002)(citation omitted).  In calculating front pay, a court must consider that the victim of discrimination is obligated to mitigate damages. <u>Giles</u>, 245 F.3d at 489 (citation omitted).  That is, the victim must reasonably seek

5

employment which equals the pay and benefit package of the job in issue.

As stated above, Brown seeks front pay of $25,000 for five years, for a total requested front pay award of $125,000. The Court finds Brown properly estimated the annual pay differential of about $25,000 between his current position with MDH and the CIO position in issue. However, the Court finds that an a five year front pay award is unreasonable. At the trial of this cause, Brown successfully portrayed himself as articulate and highly qualified in his field. Given these attributes, the Court finds that he could mitigate his damages by finding a job comparable to the CIO position within a three year period. Therefore, an award of $25,000 per year over a three year period is awarded. This totals a front pay award of $75,000. The subject Motion is granted to that extent.

**C.   Brown's Motion for Attorneys' Fees**

Brown seeks an award of attorneys' fees for his successful efforts in the litigation of this case. "Under Title VII, a prevailing party may be awarded attorney's fees at the discretion of the court." Stewart v. Dep't of Health and Hosps., 117 Fed.App'x 918, 923 (5th Cir. 2004)(citing 42 U.S.C. § 2000e-5(k)). The Court finds that an award of attorneys' fees is warranted in this case.

In Green v. Adm'rs of the Tulane Educ. Fund, 284 F.3d 642 (5th Cir. 2002)(en banc), the United States Court of Appeals for the

Fifth Circuit articulated the standard by which to calculate attorney's fees in a discrimination case.

> To calculate attorneys' fees, a court must first "calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Rutherford v. Harris County, Tex., 197 F.3d 173, 192 (5th Cir. 1999). Next, the court must consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case, and the factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The Johnson factors are: (1) the time and labor required to litigate the matter; (2) the novelty and complicatedness of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case imposed time constraints; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) whether the case was "undesirable"; (11) the type of attorney-client relationship and whether the relationship was long-standing; and (12) awards made in similar cases. Id. at 717-19. To the extent that any Johnson factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998).

Id. at 661.

Under Green, the first step is to determine the reasonable amount of hours expended by Brown's attorneys in the litigation of this case. Three attorneys worked on Brown's case. They are Louis Watson with 64.15 billed hours, Shana Fondren with 4.7 billed hours, and Nick Norris with 222.45 billed hours. The total billed time for these three attorneys is 291.30 hours. Assuming a 40 hour work week, this equates to one attorney spending a total of 7.28 weeks on this case. The Court finds that the total billed hours is

7

excessive given the nature of this case, and that a 20% reduction of each attorney's billed time is warranted.  This calculates to allowable time for each attorney of: 51.3 hours for Watson; 3.8 hours for Fondren; and 178 hours for Norris.

The next step is determining the reasonable hourly rate for the attorneys.  Watson, Fondren and Norris claim rates of $200 per hour, $175 per hour and $150 per hour respectively.  Watson has a significant amount of litigation experience, Fondren has an intermediate level of experience and Norris is a relative newcomer to the legal profession.  The Court finds that reasonable rates are $180 per hour, $160 per hour and $140 per hour for Watson, Fondren and Norris, respectively.

The third step is determining whether either of the determinations in steps one and/or two should be adjusted based on the <u>Johnson</u> factors.  The Court finds that they should not.  Therefore, the total award of attorneys' fees is calculated as follows:

```
Watson:   $180/hr.  X    51.3 hrs. =    $ 9,234
Fondren:  $160/hr.  X     3.8 hrs. =        608
Norris:   $140/hr.  X    178 hrs.  =     24,920
          TOTAL AWARD                   $34,762
```

Brown is also entitled to reimbursement for costs.  He claims costs totaling $1,621.16.  The only component of that figure to which Defendant objects is a $244.27 bill for lunch at Char restaurant.  The Court agrees that the Char bill was unnecessary and excessive.  That bill is stricken, calculating a rounded total

award for costs of $1,377.  Adding the allowable attorneys fees and allowable costs results in a total award for attorneys' fees and costs of $36,139.  The subject Motion is granted to the extent that $36,139 will be awarded to Brown for attorneys' fees and costs.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Mississippi Department of Health for Judgment as a Matter of Law or New Trial or Remittitur (docket entry no. 59) is hereby denied.

IT IS FURTHER ORDERED that Plaintiff Albert Brown's Motion for Promotion or Alternatively, for Front Pay (docket entry no. 61) is hereby granted to the extent that Brown is awarded $75,000 of front pay, and is denied to the extent that Defendant is not required to promote Brown to the Chief Information Officer position.

IT IS FURTHER ORDERED that Plaintiff Brown's Motion for Attorneys' Fees (docket entry no. 67) is hereby granted to the extent that Brown is awarded attorneys' fees and costs of $36,139.

SO ORDERED this the 29th day of June, 2006.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE

tct